848 P.2d 282

**In the Matter of a Member of the State Bar of Arizona,**

**Thomas Victor MARTINEZ, Jr., Respondent.**

No. SB-93-0007-D.
Disc. Comm. Nos. 87-1586, 88-0285, 88-1644 and 89-0185.

Supreme Court of Arizona.

Feb. 26, 1993.

Larry L. Debus, Phoenix, for respondent.

Margaret D. White, State Bar Counsel and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, Phoenix, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed,

IT IS ORDERED, ADJUDGED AND DECREED that THOMAS VICTOR MARTINEZ, JR., a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the Commission Report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that THOMAS VICTOR MARTINEZ, JR. shall pay restitution to Client Schroeder in the amount of $1,000 with interest at the rate of 10% from the day he received that amount from Client Schroeder, with credit for any monies paid back to Client Schroeder. This restitution shall be paid within 90 days of the date of this judgment.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against THOMAS VICTOR MARTINEZ, JR. for costs incurred by the State Bar of Arizona in the amount of $1,112.77, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

## BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Comm. Nos. 87–1586, 88–0285, 88–1644, and 89–0185

In the Matter of

THOMAS VICTOR MARTINEZ, JR.

a member of the State

Bar of Arizona,

Respondent.

DISCIPLINARY COMMISSION REPORT

[Filed Dec. 11, 1992.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on October 17, 1992, for review of the record on appeal pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission reviewed the hearing committee's recommendation of acceptance of the agreement for discipline by consent providing for censure, restitution, probationary terms, and costs.

### Decision

After review of the record on appeal, the Commission, by a unanimous vote of nine aye, adopts the committee's recommendation that the agreement for discipline be accepted, and orders that Respondent shall (1) be censured; (2) make restitution to Client Schroeder in the amount of $1,000 with interest at the rate of 10% from April 1986, as detailed below; (3) return any written materials in his possession that relate to Client Schroeder; (4) provide, at no charge, copies of all documents in his files that relate to and are requested by Client Naftel; (5) be placed on probation for a period of two years commencing on the date of the Commission's Order Upon Decision, under the terms and conditions set forth below; and (6) pay all costs and expenses incurred by the State Bar in connection with these matters. The Commission also unanimously adopts as its findings of fact and conclusions of law the tender of admissions set forth in the agreement for discipline by consent.

### Facts

This case involves Respondent's dealings with four separate clients. In Count One, Client A retained Respondent in April 1986 and paid him a retainer of $1,000 to amend the terms of his probation. Respondent filed a motion to that effect. One year later, Respondent failed to respond when he received letters from the client asking about the status of the case and of his retainer.

In December 1987 Client A wrote to Respondent requesting that he return his file. The Executive Director of the State Bar also wrote to Respondent in July 1989, asking that Respondent return the file to Client A within seven days. Respondent did not return the file.

The State Bar's numerous written requests for a response to the client's complaint went unanswered by Respondent for nearly five months. He finally responded after receiving a telephone call from the State Bar.

Count Two concerns Respondent's retention in June 1987 by Client B regarding a DWI matter. Respondent was paid a retainer of $1,250. One month later, Client B discharged Respondent and requested information on the status of the case and an accounting of his retainer. Respondent failed to respond to the client's requests.[1] Respondent also failed to respond to the State Bar's inquiries into the matter.

Count Three concerns Respondent's appointment to represent Client C regarding pending criminal charges. After the case was completed, the State Bar notified Respondent it had received a letter from Client C stating that he had been unable to contact Respondent or retrieve his files. Respondent failed to respond to the State Bar's request to contact the client. Re-

---

1. Ultimately, the client filed a petition for fee arbitration and was awarded a refund of $1,000. *Respondent paid the award.*

spondent also failed to timely respond to the State Bar's inquiries after a formal charge had been filed against him.

Count Four also concerns Respondent's failure to respond. The State Bar sent Respondent numerous letters requesting that he file a written response to a charge filed by Client D, who claimed the court had appointed Respondent as his attorney. Respondent failed to respond for three months.

In the response ultimately submitted by Respondent, he denied being appointed to represent Client D; rather, he stated he was "covering" for the client's actual court-appointed attorney. The State Bar asked Respondent to provide further information concerning his claims within ten days. Respondent failed to do so. Respondent also failed to respond when the State Bar subsequently asked that he explain the discrepancy between his statement that he did not represent Client D and a court document indicating he did.

Respondent and the State Bar conditionally admit that Respondent's conduct violated ER 1.4, ER 1.16(d), ER 8.1, and Supreme Court Rule 51(h) and (i).

### Discussion of Decision

The Commission agrees that Respondent's conduct violated several Rules of Professional Conduct. Respondent's failure to keep his clients informed about the status of their cases and retainers was a violation of ER 1.4. Respondent's failure to return documents to his clients after handling their cases was a violation of ER 1.16(d). Finally, Respondent's failure to respond to the State Bar's repeated inquiries into the various matters was a violation of ER 8.1 and Supreme Court Rule 51(h) and (i).

In determining the appropriate sanction, the Court looks for guidance in the American Bar Association's *Standards for Imposing Lawyer Sanctions. In re Tarletz*, 163 Ariz. 548, 789 P.2d 1049 (1990). The Commission uses that guideline, as well.

In his memorandum supporting the agreement for discipline Respondent states that, despite Client A's repeated requests for information, Respondent had no additional information to give Client A, and had so informed him. However, Respondent's failure to respond to his requests for information demonstrates a lack of diligence. Standard 4.43, addressing lack of diligence, provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

Standard 7.0 deals with violations of duties owed as a professional. Respondent violated his duty to return documents and files to the client upon termination of representation in Counts One, Two, and Three. Respondent violated his duty to maintain the integrity of the profession with his repeated failures to respond to the State Bar's inquiries into the charges against Respondent. Standard 7.3 provides for reprimand (censure in Arizona) when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

Standards 9.22 and 9.32 list factors to be considered in aggravation and mitigation, respectively. In aggravation, Respondent received a prior informal reprimand in 1987 for violations of ER 1.4 and 1.16. In addition, the multiple offenses involved in the complaint seem to constitute a pattern of misconduct.

The Commission believes the mitigating factors which are present are significant. Respondent had no dishonest or selfish motive; he was inexperienced in the practice of law, having only been practicing for three or four years, at most, at the time of the misconduct; he is a man of the highest character, as evidenced by the numerous letters from judges and attorneys submitted by Respondent; and, once the disciplinary proceedings began in earnest, Respondent became fully cooperative with the proceedings, making no attempt to blame others for his conduct and willingly entering into the agreement for discipline. In addi-

tion, during the period that the subject misconduct occurred, Respondent had been in private practice for only about one year, and was handling an overwhelming number of cases per year. The Commission agrees with Respondent that the severe stress that Respondent's caseload produced can be considered in mitigation. Finally, the Commission notes that Respondent voluntarily chose to leave sole practice in order to avoid this type of situation again.

Respondent emphasizes that "this matter is not about dishonesty, selfish motive, misappropriation of client funds, thievery, fraud on the court or client, incompetence, bad faith or even bad result. This matter is about a failure to communicate with a client and a failure to respond to the Bar." [2] The State Bar has stated that the sanction recommended by the State Bar and Respondent is "essentially, giving respondent a 'second chance.' " [3] The Commission believes a second chance is appropriate in this case, particularly upon consideration of the Standards and the numerous factors in mitigation. Further, the Commission notes that the provisions detailed below have been specifically crafted to avoid this type of problem in the future. Therefore, the Commission orders the following:

1. Respondent shall be censured;

2. Respondent shall make restitution to Client Schroeder (Count One) in the amount of $1,000, with interest at the rate of 10% from the day Respondent received that amount from Client Schroeder, with credit for any monies already paid back to the client, to be paid within 90 days of the date of the Judgment of Censure and Restitution;

3. Respondent shall return to Client Schroeder any written materials in his possession relating to Client Schroeder;

4. Respondent shall provide, at no charge to Client Naftel (Count Three), copies of all documents in Respondent's file that relate to and are requested by Client Naftel;

5. Respondent shall be placed on probation for a period of two years commencing on the date of the Commission's Order Upon Decision, under the following terms and conditions:

a. Respondent shall complete continuing legal education (CLE) requirements in addition to the mandatory minimum CLE requirements generally applicable to State Bar members. Specifically, Respondent shall review the audiotape of the seminar titled "Anatomy of a Complaint." In addition, Respondent shall attend CLE programs on the subject of law office management for a minimum of three credit hours, each year of the probationary period. Respondent shall report compliance with the terms of probation set forth in this paragraph in writing to the State Bar.

b. Respondent shall respond in a timely fashion to inquiries from the State Bar regarding disciplinary matters. Failure to do so will be considered a violation of the terms of probation.

c. If, during the period of probation, Respondent resumes the practice of law as a sole practitioner, he shall do the following:

(1) Respondent shall submit to and pay the cost of a law office audit conducted by an expert mutually agreed upon by Respondent and the State Bar.

(2) During the probationary term, Respondent shall file quarterly reports with the State Bar, setting forth the number of cases he is handling, the names of those cases, and the status of those cases.

(3) Respondent shall submit to random audits by the State Bar of his files, books, records, and office management system, with all reasonable expenses related to the audits being borne by Respondent.

(4) Respondent shall arrange for a practice monitor mutually agreed upon

**2.** Memorandum of Respondent in Support of Tender of Admissions and Agreement for Discipline by Consent, p. 2.

**3.** State Bar's Memorandum in Support of Agreement for Discipline by Consent, p. 2.

by Respondent and the State Bar, said monitor to meet with Respondent no less frequently than once a month, and to file quarterly reports with the State Bar summarizing the monitor's activities and findings during the reporting period.

d. Should Respondent fail to comply with the terms of probation, the State Bar shall notify the hearing committee in writing. The committee will conduct a hearing not later than thirty days after Respondent's receipt of the notice to determine whether noncompliance has occurred and, if so, to recommend an appropriate sanction.

6. Respondent shall pay all costs and expenses incurred by the State Bar in connection with these proceedings.

/s/ Raymond W. Brown,
Raymond W. Brown, Chair
Disciplinary Commission